UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN MARK REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV927 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Petitioner Steven Mark Reeves filed a motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255 on May 18, 2012. In addition to his

motion for relief, he has filed several miscellaneous motions. These include a

motion for release pending resolution of his case, a motion to appoint counsel, and

a motion to compel the government to produce certain discovery documents. For

the reasons that follow, I will deny all of these miscellaneous motions.

## I.    **Motion for Release**

Reeves filed a motion to be released to home confinement pending the

resolution of this case. District courts have inherent authority to release an inmate

on bail pending a decision on a motion under § 2255, but that authority is used

sparingly. *See Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986). The Eighth

Circuit has stated:

> Release on bail pending disposition of the habeas petition . . . requires the habeas petitioner to show not only a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts, but also the existence of some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice.

*Id.* (internal quotation marks and citations omitted).

Reeves has not demonstrated the existence of a substantial constitutional issue on which he is likely to prevail, and no exceptional circumstances are present that require his immediate release in the interests of justice. Therefore, I will deny his motion for release.

## II.    Motion to Appoint Counsel

There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Upon consideration of the above-listed factors, I find that appointment of counsel is not warranted in this case. The claims and underlying facts of this case are relatively straightforward and do not involve any complex legal issues. Moreover, based on petitioner's presentation of the issues in his motion, he seems quite capable of litigating this action on his own. His main argument for requesting counsel is that he needs an attorney and investigation staff to obtain information that he has not previously been able to obtain through a motion to compel. Appointment of counsel will not change the determination that discovery is not warranted in this case. Therefore, his motion for appointment of counsel will be denied.

### III.   <u>Motion to Compel</u>

Petitioner has previously filed a motion to compel related to much of the information requested in the pending motion to compel, which I denied. Discovery in a matter under § 2255 is governed by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 6(a) provides that a court may, for good cause shown, permit discovery under the Federal Rules of Civil or Criminal procedure. Rule 6(b) provides that a party requesting discovery must provide reasons for the request. *See Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980) (upholding the district court's denial of a motion for discovery in the absence of a showing of good cause).

Reeves seeks ten categories of documents in his motion to compel: (1) files related to limewire; (2) all reports and notes relevant to Detective Kavanaugh's investigation; (3) a printout of the directory of the computers used in the investigation; (4) all police reports relative to his investigation; (5) all information on the programs used to conduct the investigation; (6) copy of the subpoenas for Charter Communications and Ameren; (7) complete reports on Patrick Wild; (8) all information on how image subjects were identified; (8) all information on how image subjects were identified; (9) copies of the directors of each item seized from petitioner; and (10) copies of the two images found on petitioner's computer that he claims were never actually on his computer. He argues that this information will show that the investigation of his case used illegal procedures, and that his counsel was ineffective for failing to raise these deficiencies.

Reeves pleaded guilty in the underlying criminal case. Criminal Case No. 4:10CR662 CDP. It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Reeves has not offered any facts to explain how the

requested documents are relevant to the issue of whether the underlying plea was both counseled and voluntary. I will therefore deny his motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's motion for release pending hearing [#3] is DENIED.

**IT IS FURTHER ORDERED** that the petitioner's motion to appoint counsel [#16] is DENIED.

**IT IS FURTHER ORDERED** that the petitioner's motion to compel [#18] is DENIED.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2013.