UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN MARK REEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV927 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Movant Steven Mark Reeves brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  Reeves was sentenced to 37 months imprisonment, followed by a 15-year term of supervised release, after his guilty plea to one count of possession of child pornography and one count of knowingly accessing child pornography with intent to view.  Criminal Case No. 4:10CR662 CDP.  Reeves did not file a direct appeal.

As grounds for his § 2255 motion, Reeves raises claims regarding the constitutionality of the search warrant used in his underlying criminal case, as well as a claim of ineffective assistance of counsel.  Because the record affirmatively refutes Reeves's claims, I will deny the motion without a hearing.

**I.   Background**

The facts relevant to this motion are contained in the plea agreement entered

by the parties, as follows:

On December 30, 2008, officers with the St. Louis County Police Department were engaged in an undercover peer-to-peer operation when they identified a computer in St. Louis County offering to share images of child pornography.  On January 22, 2009, officers sent a subpoena to Charter Communications and learned that the relevant Internet Protocol ("I.P.") address belonged to Tammy Reeves, 19 Francis Avenue, Valley Park, Missouri 63088.

Based upon this information, as well as other information, officers applied for and obtained a state-level search warrant for the above address.   On May 13, 2009, officers executed the search warrant. . . .

At the time the officers executed the search warrant, [Reeves] was present at the scene along with his step-son, Vincent Dorn. Officers took both males to the police department and interviewed them.  During the interview, Dorn denied downloading or searching for any images of child pornography.  [Reeves], however, admitted that he was the one who had looked for the images of child pornography and downloaded them.

Pursuant to the search warrant, an HP Pavilion PC containing a Maxtor Diamond Max 250 GB hard drive bearing serial number L50RRFKC was seized.  This hard drive was manufactured in China. Thus, the hard drive necessarily traveled in interstate or foreign commerce in order to be in [Reeves'] possession in Missouri. Forensic examination of this computer by Pat Wild revealed 69 images and one video of [child pornography].  These images were sent to the National Center for Missing and Exploited Children ("NCMEC"), where it was determined that there were 11 images of known victims from 8 series.

. . . .

Some of the images . . . involved a prepubescent minor or a minor who had not attained the age of 12 years old.

[Reeves] possessed at least 10 images but fewer than 150 images of child pornography.

[Reeves] received and obtained the above-described images on the internet.   The internet is a means and facility of interstate commerce.

Criminal Case No. 4:10CR662 CDP (Doc. No. 37, at 3-5).  At the guilty plea hearing, on August 3, 2011, Reeves acknowledged, under oath, that these facts were true.

At the sentencing hearing on October 25, 2011, I sentenced Reeves to a term of imprisonment of 37 months, to be followed by a 15-year term of supervised release.  Reeves did not file a direct appeal of his sentence, but on May 18, 2012, he timely filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  He has also filed numerous other motions and supplemental exhibits.  Additionally, he has filed a petition under 28 U.S.C. §2254, seeking habeas relief from a related state conviction.  Case No. 4:12CV2185LMB.  That habeas petition is pending before another judge of this court.

## II.   Grounds Raised in §2255 Motion

Reeves raises seven grounds for relief in his § 2255 motion:

1. The search warrant was ineffective because one of the seizing officers seized his guns, even though they were beyond the scope of the warrant and were not included on the inventory list.

2. The search warrant was invalid based on conflicting reports because the officers executed the warrant on May 13, 2009, but one officer's narrative report stated that it was executed on May 12, 2009.

3. The search warrant was invalid because the seizing officer failed to file a copy of the inventory list within two business days.

4. The search warrant was illegal because the officers failed to timely identify themselves and inform him that a search would be conducted.

- 3 -

5.      Reeves seeks release from prison and to be placed on home confinement pending the investigation into the invalid search warrant.

6.      Reeves received ineffective assistance of counsel for failure to raise the above challenges to the search warrant.

7.      Reeves seeks release from prison on an appeal bond pending the resolution of this motion.

## III.  <u>Discussion</u>

I will not hold an evidentiary hearing on this motion.  "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief."  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted).  "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Id.* (internal quotation marks and citation omitted).  Here, as discussed in more detail below, I find that Reeves's claims are either inadequate or affirmatively refuted by the records and files before me, and I conclude that no evidentiary hearing is required.

Grounds 1-4:  Challenges to the Search Warrant

In Ground 1, Reeves argues that the search warrant was ineffective because one of the officers seized his guns and did not include them on the inventory list, and the guns were outside the scope of the search warrant.  He also claims in his reply brief that his guns have not yet been returned to his family, that other items

seized should not be forfeited as proceeds of his crime, and that he only agreed to forfeit his computer when he plead guilty.  In Ground 2, Reeves argues that the search warrant was invalid on the basis of conflicting reports because the search actually took place on May 13, 2009, but one of the officer's narrative report instead used the date of May 12, 2009.  Ground 3 of Reeves' motion alleges that the inventory list did not include the guns that were seized, and it was not filed within two business days of the search.  In Ground 4, Reeves argues that the search warrant was illegally executed because the team did not timely identify themselves and inform him that a search was going to be conducted.  He explains that the warrant team entered the house, took Reeves outside five minutes later, handcuffed him, and then showed him the warrant.

As discussed above, Reeves pleaded guilty in the underlying criminal case. It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction.  *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary."  *United States v. Broce*, 488 U.S. 563, 569 (1989).

None of Reeves' claims regarding the search warrant and underlying criminal investigation raise jurisdictional issues.  By entering his unconditional

guilty plea, Reeves waived all nonjurisdictional challenges to the prosecution of his case, including "all claims on search and seizure grounds." *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994).  Thus, Grounds 1-4 are not properly before the court in this § 2255 action.

Furthermore, even if these claims were properly before the court, they do not provide any basis for relief.  As to the claim regarding officers exceeding the scope of the search warrant by seizing his guns, even if the seizure was improper, this would not require the suppression of the evidence that was properly seized under the warrant.  The properly seized evidence included the relevant computers and electronic equipment that formed the basis for the child pornography charge.  Even if the guns had been suppressed, it would not have affected the admissibility of the evidence used to support his prosecution for possession of child pornography.

As to Reeves' allegations of conflicting reports, the incorrect date on the narrative report was merely a typographical error.  Reeves does not allege that there were any other conflicting facts in the reports, nor does he explain how this typographical error affected his investigation.  Furthermore, the Eighth Circuit has held that a typographical error does not generally warrant the suppression of evidence, as it may be saved by the good-faith exception.  *United States v. White*, 356 F.3d 865, 869 (8th Cir. 2004) (upholding a search based on a warrant with an incorrect date).

- 6 -

Reeves' final grounds – relating to the filing of the inventory list and the procedures used to execute the search warrant – depend on state laws governing the execution of this state search warrant.  This is not a sufficient basis for relief under § 2255.  *See United States v. Appelquist*, 145 F.3d 976, 978-79 (8th Cir. 1998).  Reeves does not allege that these actions violated his Fourth Amendment rights in any way.  Therefore, Grounds 1-4 of Reeves' motion are without merit, and his claims for relief on these grounds are denied.

<u>Ground 6:  Ineffective Assistance of Counsel</u>

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To state a claim for ineffective assistance of counsel, Reeves must prove two elements of the claim.  First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment."  *Id*. at 687.  In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential."  *Id*. at 689.  The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error.  *Id*.

Second, Reeves "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The court need not address both components if the movant makes an insufficient showing on one of the prongs." *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Reeves' claim of ineffective assistance of counsel is based on his counsel's failure to challenge the search warrant on the bases now raised by Reeves in Grounds 1-4. In his reply brief, he further clarifies that his trial counsel should have performed greater research into the underlying criminal investigation that led to his arrest. He asserts that he would not have plead guilty if his attorney had researched his case and discovered the information that he has found as support for this § 2255 motion.[1]

---

[1] In his reply brief, Reeves raises an entirely new claim in the context of his ineffective assistance of counsel claims. He argues that because the government only included two particular dates in the indictment, he could only be guilty of possessing files that were downloaded on those specific dates. He argues that his sentence therefore should have been lower than 37 months because he did not possess as many images as the government alleges. However, he admitted in open court that he possessed the full number of images that were included in the presentence report, and he stated that all of the information in his plea agreement was true. He cannot contradict those sworn statements now. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) ("While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." (internal quotation marks and citation omitted)). Additionally, of course, under the United States Sentencing Guidelines, the sentence should be based on all relevant conduct. U.S.S.G. §1B1.3.

As to Reeves's claims that his counsel was ineffective for failing to challenge the search warrant for the reasons that he states in this § 2255 motion, those claims do not support a finding of ineffective assistance of counsel. As discussed above, none of Reeves' allegations concerning the search warrant and seizure of evidence amounts to a constitutional violation. As a matter of law, counsel cannot be ineffective for failing to make a meritless argument. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). Thus, Reeves has not demonstrated that his counsel's performance was deficient for failing to raise these meritless challenges to the search and seizure in his underlying criminal case.

Reeves' additional arguments concerning the effectiveness of his counsel essentially amount to a claim that his counsel did not research his underlying case thoroughly enough, because if she had, she would have uncovered the same alleged inconsistencies and errors in the investigation that he alleges in this § 2255 motion. He contends that he would not have plead guilty if she had uncovered and discussed this information with him. Again, however, Reeves cannot demonstrate that any of the evidence would have been suppressed had his attorney raised these challenges because they are without merit. Thus, he has not shown that his attorney's performance was deficient.

Furthermore, he cannot demonstrate that he was prejudiced by his attorney's performance. Although he alleges now that he would not have plead guilty if his

attorney had found these alleged errors and inconsistencies, there is no support for this conclusory statement.  He knowingly and voluntarily waived his right to file pretrial motions to challenge the search warrant and seizure of evidence before the magistrate judge.  He also knowingly and voluntarily plead guilty to this offense and to the factual basis supporting the charges in his plea hearing.  Therefore, because Reeves cannot meet either prong of the *Strickland* analysis, his argument that his counsel was ineffective is without merit.

<u>Grounds 5 and 7:  Requests for Release from Prison</u>

In Ground 5, Reeves seeks release from prison and to be put on home confinement until investigation into the search warrant is concluded.  Similarly, in Ground 7, Reeves seeks release from prison on an appeal bond.  These requests do not constitute grounds for relief under § 2255, but are rather requests for release pending the disposition of this case.  In my order dated January 28, 2013, I denied a previous request by Reeves for release pending resolution of his § 2255 motion (Doc. No. 24, at 1-2).

Based on the above analysis, I conclude that none of Reeves's claims merits relief, and so I will deny his motion to vacate, set aside, or correct his sentence. Therefore, his requests to be released pending resolution of this case are moot.

## IV.  <u>Other Filings and Motions</u>

Reeves, who is now out of prison, has filed hundreds of pages of "Supplemental Exhibits," memoranda, and other motions.  He has also continued to file motions in the closed criminal case.  Most of these additional filings attempt to argue that he cannot possibly be guilty because of computer technicalities and because of claimed defects in the police procedures.  But all of these filings ignore the fact that Reeves not only confessed to the police when he was initially interviewed about the child pornography, he also knowing and voluntarily admitted to me, both orally under oath and in a written plea agreement, that he had, in fact, possessed the child pornography at issue.  I will deny all of these pending motions, as none of them provide any basis for relieving Reeves of the consequences of his admitted criminal conduct.

## IV.  <u>Certificate of Appealability</u>

None of Reeves's claims merits relief.  Because he has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Steven Mark Reeves's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that all other pending motions are denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability, as Reeves has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2013.